

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00239-CV

**BAKER'S CAMPGROUND, INC., KELLI GRAVES, AND KOURTNIE GRAVES,**

**Appellants**

**v.**

**ANTHONY L. MCCALLA AND CHERYL A. MCCALLA,**

**Appellees**

---

**From the 413th District Court
Johnson County, Texas
Trial Court No. C200600228**

---

## CONCURRING OPINION

---

While I agree with the judgment of the Court to reverse the summary judgment and remand the proceeding and all issues to the trial court, I do so on what may be viewed as a different basis than as expressed in the Court's opinion. Accordingly, I write separately to explain. Further, I feel compelled to comment upon one aspect of the parties' discussion and reliance on certain aspects of the Court's previous opinion and concurring opinion. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121 (Tex. App.—Waco 2005, pet. denied).

While I join the Court's judgment, I do not necessarily join the Court's determination that the document signed by Baker is inappropriate for a summary judgment procedure to determine as a matter of law its meaning or that it is ambiguous. After all, at the time this agreement was made, substantial consideration was being given by both parties. The parties to the agreement had a jury verdict that validated an option to purchase the property. And it fully appeared the trial court would memorialize that verdict in a judgment and award the McCallas their attorney's fees necessary for securing that verdict. I say "fully appeared" because Baker and the McCallas took the issue of the validity of the option and award of attorney's fees from the trial court by their settlement, the fact of which, but not the details thereof, was announced, while the parties were present, by the attorneys for both parties on the record and ultimately incorporated into the trial court's judgment. By doing so, both parties, Baker and the McCallas, gave up any right *as between them* to seek to validate or invalidate the option and related jury verdict.

The validity, or exercise, of the option was discussed, however, in this Court's disposition of the appeal from the former case. *See Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121 (Tex. App.—Waco 2005, pet. denied). To prevail with an ultimate determination that their lease was valid, the Davises, a third party in the prior suit, first had to overcome the jury determination and judgment that their lease was invalid. As a secondary step in the prior appeal, the Davises had to challenge the jury determination of the validity of the option because even if successful on the first step, they had to overcome the McCallas's option. On appeal, this Court affirmed the trial court's

judgment which invalidated the Davis lease based upon the first step only; the jury's determination that it was unconscionable.

At that point, any discussion of the option by this Court was completely unnecessary to a disposition of the appeal. Because Baker and the McCallas had settled their dispute over the option, and the trial court had rendered no judgment with regard to its validity, this Court should not have engaged in a determination of its validity in the Court's opinion, nor should I have engaged in a discussion of its possible waiver in my concurring opinion.

Having determined the Davis lease was invalid, and because Baker and the McCallas had settled their claims against each other, the validity or failure to exercise the option was completely moot. We therefore had no authority to resolve any issue with regard to the validity of the option. And further, the issue of the validity of the option could not properly be raised in a petition for review.

All parties to the present appeal have referenced and discussed portions of the prior opinion and concurring opinion that discussed the option. With these comments, I question whether this Court, the trial court, or the parties can put any weight on that discussion in the Court's previous opinion. Anything we said about the option was dicta. I regret that I have only now identified the error in our former opinion; but as the only member of that Court presently remaining on the Court, and having now noticed it, I felt compelled to point out our error.

With these comments, I concur in the Court's judgment remanding this proceeding to the trial court.


        TOM GRAY
        Chief Justice

Concurring opinion issued and filed July 26, 2012